E-FILED
Thursday, 27 February, 2020 01:13:10 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RACHEL M. KRAMER and CLAIRE E. KRAMER, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 19-cv-3247 |
| ROBERT M. KOELLER, individually, and ROBERT M. KOELLER, in his capacity as Successor Trustee of the REVOCABLE TRUST AGREEMENT of BARBARA K. KRAMER a/k/a BARBARA J. KRAMER, | ) ) ) ) ) ) ) ) ) ) | |
| Defendant. | ) | |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on the Motion to Dismiss and Memorandum of Law (d/e 2) (Motion) filed by Defendant Robert M. Koeller, individually and as successor trustee of the Revocable Trust Agreement of Barbara K. Kramer a/k/a Barbara J. Kramer dated October 8, 2012 (Trust). The parties have consented to proceed before this Court. <u>Consent to the Exercise of Jurisdiction by a United States Magistrate Judge and Reference Order entered February 20, 2020 (d/e 15)</u>. For the reasons set forth below, the Motion is DENIED.

## REMOVAL JURISDICTION

This matter comes to the Court on diversity removal jurisdiction pursuant to 28 U.S.C. § 1441(b). Plaintiffs Rachel M. Kramer and Claire E. Kramer (the Daughters) are the daughters of the late Barbara K. Kramer a/k/a Barbara J. Kramer (Decedent). Rachel Kramer is a citizen of Ohio. Claire Kramer is a citizen of Illinois. Robert Koeller is the brother of the Decedent and the Daughters' uncle. Koeller is a citizen of Indiana. On January 15, 2019, the Daughters brought this action in Macoupin County, Illinois, Circuit Court to set aside the terms of the Trust, which left half the Trust corpus to Koeller. The Trust corpus is approximately $600,000.00. The Daughters named Koeller as the Defendant in his capacity as successor trustee of the Trust. On September 18, 2019, the Daughters filed an Amended Complaint. Notice of Removal (d/e1), attached Amended Complaint to Declare Void and Set Aside Revocable Trust Agreement of Barbara K. Kramer a/k/a Barbara J. Kramer and Last Will and Testament of Barbara K. Kramer (Amended Complaint). The Amended Complaint sought to set aside the Decedent's Last Will and Testament dated October 8, 2012 (Will) as well as the Trust. The Amended Complaint also added Koeller individually as a Defendant. See Notice of Removal, ¶¶ 7-8. On October 18, 2019, Koeller removed this Action to this Court within 30 days

of service on him individually.  See 28 U.S.C. § 1446.  The Court finds that it has diversity removal jurisdiction.

## STATEMENT OF FACTS

Koeller moves to dismiss the Amended Complaint for failure to state a claim.  Motion, at 1; see Fed. R. Civ. P. 12(b)(6).  For purposes of the Motion, this Court must take all well-pleaded facts as true and draw all inferences in favor of the Daughters.  See Access Living of Metropolitan Chicago, Inc. v. City of Chicago, 372 F.Supp.3d 663, 667 (N.D. Ill. 2019).  When read in that light, the Amended Complaint alleges the following.

The Decedent died on November 11, 2018.  At the time of her death, her estate was worth approximately $600,000.00.  Prior to her death, the Decedent was a plaintiff in a case against the manufacturer of the medication Vioxx (Vioxx Litigation).  The Decedent received a settlement in the sum of $450,408.00.  Koeller is an attorney.  Koeller received an attorney fee in the Vioxx Litigation in the sum of $20,821.15.  Koeller served as the Decedent's direct representative and attorney in the Vioxx Litigation.  Koeller was not the principal attorney handling the Vioxx Litigation, but he represented his sister, the Decedent, in the Vioxx Litigation.  Koeller had a fiduciary relationship with the Decedent as her representative in the Vioxx Litigation.  Amended Complaint, ¶¶ 5-11.

As a result of Koeller's knowledge of the Decedent's settlement in the Vioxx Litigation, he undertook to work his confidential relationship with the Decedent and his undue influence over the Decedent so that on October 8, 2012, she executed the Trust and the Will.  The Will provided that her estate would be distributed into the Trust and administered according to the terms of the Trust.  The Trust provided that Koeller would receive half of the corpus of the Trust at the time of the Decedent's death, thereby making Koeller a 50% beneficiary of the Trust.  The Daughters are the sole heirs of the Decedent.  But for the Trust, they would receive all of the Decedent's estate.  On October 8, 2012, the Decedent also executed a quit claim deed (Deed) that conveyed her real estate to the Trust.  The Deed was recorded on October 10, 2012.  <u>Amended Complaint</u>, ¶¶ 11-13; <u>Motion</u>, Exhibit 2, <u>Deed</u>.

Koeller did not allow and/or prevented the Decedent from maintaining a relationship with the Daughters to ensure that he would get half of the corpus of the Trust upon the Decedent's death.  Koeller exercised complete control over the Decedent's financial assets.  Koeller prevented the Decedent from using her assets to benefit her Daughters during her lifetime.  Koeller provided false information about the Daughters to the Decedent to ensure that he would get half of the corpus of the Trust.

Koeller attempted to get the Decedent to resign as trustee prior to her death so that he could control the Trust as successor trustee before the Decedent's death. Through his undue influence, Koeller caused the Decedent to provide in the Trust that if he did not survive the Decedent, that half of the corpus of the Trust would go to Koeller's spouse rather than to the Daughters. Amended Complaint, ¶¶14-15.

The Daughters allege that the Trust and the Will were not prepared nor executed as the result of a freewill of the Decedent but resulted from the undue influence of Koeller. The Daughters ask the Court to set aside the Trust and the Will and declare that the Decedent died intestate, thereby allowing the Daughters to inherit the Decedent's entire estate. Amended Complaint, ¶¶ 16-17.

## ANALYSIS

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper where a complaint fails to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Federal Rules require only "a short and plain statement of the claim showing that the pleader is entitled to relief," and allegations must be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2) & (d)(1). The Court may also consider matters of public record in determining whether a complaint states a claim. Henson v. CSC Credit Services, 29

F.3d 280, 284 (7th Cir. 1994). While a complaint need not contain detailed, specific factual allegations, it must contain sufficient facts to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim is plausible on its face if it provides the defendant fair notice of what the claim is and the grounds upon which it rests. George v. Smith, 507 F.3d 605, 608 (7th Cir. 2007). Dismissal under Rule 12(b)(6) is appropriate when "the factual detail in a complaint [is] so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." Airborne Beepers & Video, Inc. v. AT & T Mobility, LLC, 499 F.3d 663, 667 (7th Cir. 2007).

To allege a claim for undue influence, a plaintiff in Illinois must allege improper influence that overwhelmed the actual intent of the testator or settlor:

> As this court has previously stated, undue influence which will invalidate a will is "'any improper * * * urgency of persuasion whereby the will of a person is over-powered and he is induced to do or forbear an act which he would not do or would do if left to act freely.' [Citation.]" (Franciscan Sisters Health Care Corp. v. Dean (1983), 95 Ill.2d 452, 460, 69 Ill.Dec. 960, 448 N.E.2d 872.) To constitute undue influence, the influence "'must be of such a nature as to destroy the testator's freedom concerning

the disposition of his estate and render his will that of another.' [Citation.]" Franciscan Sisters, 95 Ill.2d at 460, 69 Ill.Dec. 960, 448 N.E.2d 872; see also Swenson v. Wintercorn (1968), 92 Ill.App.2d 88, 105, 234 N.E.2d 91.

In re Estate of Hoover, 155 Ill. 2d 402, 411, 615 N.E.2d 736, 740 (Ill. 1993); see also In re Estate of Roeseler, 287 Ill.App.3d 1003, 1018, 679 N.E.2d 393, 404 (Ill. App. 1st Dist. 1997). The question of whether a person exerted undue influence is an issue of fact based on the totality of the circumstances:

> What constitutes undue influence cannot be defined by fixed words and will depend upon the circumstances of each case. (Smith v. Henline (1898), 174 Ill. 184, 201, 51 N.E. 227.) The exercise of undue influence may be inferred in cases where the power of another has been so exercised upon the mind of the testator as to have induced him to make a devise or confer a benefit contrary to his deliberate judgment and reason.

Hoover, 155 Ill.2d at 411-12; 615 N.E.2d at 740. If read favorably to the Daughters, the allegations of the Amended Complaint plausibly allege that Koeller overpowered the Decedent's intent to keep the Decedent from acting out of her own free will, and thereby, caused the Decedent to execute the Trust and Will according to Koeller's plan rather than the Decedent's own wishes. Koeller allegedly exercised this influence at the time that the Decedent executed the Will and the Trust. The Amended Complaint states a claim.

Koeller argues that the Daughters fail to allege facts to establish a presumption of undue influence. See Roeseler, 679 N.E.2d at 404. The Daughters are not required to allege facts to establish a presumption. See Hoover, 155 Ill.2d at 411-12; 615 N.E.2d at 740, quoted above. The Daughters are only required to allege fact which, if true, would plausibly state a claim. They have done so.

Koeller argues that the Daughters fail to meet the Illinois pleading requirements. Federal law controls pleading requirements in diversity cases, not state law. See Hahn v. Walsh, 762 F.3d 617, 629 (7th Cir. 2014). The Amended Complaint meets the pleading requirements of Rule 8 to state a claim.

Koeller argues that the Daughters' claim is barred by the statute of limitations. Koeller argues that the relevant statute is the Illinois five-year statute "for all civil actions not otherwise provided for." 735 ILCS 5/13-205. Koeller argues that the claim arose when the Deed was recorded on October 10, 2012. He argues that the statute, therefore, has run. The Court disagrees. The Deed did not disclose the terms of the Will and the Trust. See Motion, Exhibit 2, Deed. The recording of the Deed, therefore, did not put the Daughters on notice that Koeller allegedly caused the Decedent to execute the Will and Trust that would give Koeller half the

Decedent's estate contrary to the Decedent's own desires. The Court sees no basis for finding that the Daughters' claim arose when the Deed was recorded.

THEREFORE, IT IS ORDERED that the Motion to Dismiss (d/e 2) is DENIED. Defendant is directed to answer the Amended Complaint by March 20, 2020.

ENTER: February 27, 2020

*s/ Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE