E-FILED
Friday, 23 July, 2021  04:26:08 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| RACHEL M. KRAMER and CLAIRE E. KRAMER, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )   Case No. 19-cv-3247 ) |
| ROBERT M. KOELLER, individually, and ROBERT M. KOELLER, in his capacity as Successor Trustee of the REVOCABLE TRUST AGREEMENT of BARBARA K. KRAMER, a/k/a BARBARA J. KRAMER, | ) ) ) ) ) ) ) ) ) ) |
| Defendant. | ) ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiffs Rachel M. Kramer and Claire E. Kramer's (the Kramers) Motion to Reconsider (d/e 73).  The parties consented to proceed before this Court. Consent to the Exercise of Jurisdiction by a United States Magistrate Judge and Reference Order entered February 20, 2020 (d/e 15).  For the reasons set forth below, the Motion to Reconsider is DENIED.

The Kramers move to reconsider this Court's Opinion entered May 5, 2021 (d/e 61) (Opinion) in which the Court denied the Kramer's Second Motion to Compel (d/e 56) (Motion to Compel).  The Motion to Compel asked the Court to compel production of all Revocable Living Trusts documents prepared by attorney Mary Albert-Fritz from 2003 through 2013 (The Documents).   Attorney Albert-Fritz wrote the Revocable Living Trust Agreement (Trust) of the Kramer's mother Barbara K. Kramer a/k/a Barbara J. Kramer, deceased (Decedent).   The Documents were in the possession of the Sivia Law Firm (Sivia Law).  Sivia Law defends Defendant Robert M. Koeller in this case.   Sivia Law had purchased attorney Albert-Fritz' law practice and acquired her files, including The Documents.

The Decedent was the Trustee of the Trust until the day before her death.  Koeller was Decedent's brother and is the Kramers' uncle.  Koeller is the Successor Trustee of the Trust.  The Trust provides that at the death of the Decedent, Koeller should receive 50 percent of the Trust assets and each of the Kramers should receive 25 percent of the Trust assets.

The Kramers allege in this action that Koeller exerted undue influence over the Decedent in the preparation of the Trust.  They bring this action to reform the Trust.  Neither Sivia Law, attorney Albert-Fritz, nor any of Albert-

Fritz' clients for whom she prepared The Documents are parties to this action.

The Court questioned whether Koeller could be compelled to produce The Documents which were in the files of other clients of Sivia law.  The Court noted that Koeller could only be compelled to produce documents in his possession, custody, or control.  Fed. R. Civ. P. 34(a)(1).  The Court noted that neither party addressed whether Koeller had possession, custody, or control of The Documents written for non-parties by a non-party attorney that were in the possession of a non-party law firm.  The Court presumed for purposes of the Motion that the documents were in Koeller's possession, custody, or control.  <u>Opinion</u>, at 7-8.  The Court then denied the Motion to Compel.

The Kramers ask for reconsideration.  In response, Koeller now states that he does not have possession, custody, or control of The Documents.  The Documents were written by attorney Albert-Fritz for non-party clients and may be in the files of the non-party Sivia Law or in the possession of the non-party clients for whom The Documents were prepared.

Koeller should have raised the issue of his possession, custody, or control of The Documents in his response to the Motion to Compel.

Because the Kramers have asked to reconsider the Opinion, the Court will consider the issue of Koeller's possession, custody, or control of The Documents.  The Court sees no way to compel Koeller to produce The Documents.  The Documents are not in his possession, custody, or control. Sivia Law would have a fiduciary duty to the clients for whom The Documents were written, as the successor in interest to attorney Albert-Fritz, to refuse to turn over The Documents to Koeller or this Court. Koeller, therefore, does not have possession, custody, or control of the Documents.

The proper method to seek to secure copies of The Documents is to serve a subpoena on Sivia Law (or the clients who may possess one or more of the Documents) under Fed. R. Civ. P. 45.  The proper parties would then be before the Court.

Furthermore, reconsideration is not appropriate even if Koeller had possession, custody, or control of The Documents.  Motions for reconsideration serve the limited function to correct manifest errors of law or fact or to present newly discovered evidence.  Caisse Nationale de Credit Agricole v. CBI Industries, Inc., 90 F.3d 1264, 1269 (7th Cir. 1996). The Kramers have no newly discovered evidence.  The information

attached in support of the Motion to Reconsider was available to the
Kramers at the time that they filed the Motion to Compel.

The Kramers also show no manifest errors of law or fact.  The
Kramers stated in the exhibits attached to the Motion to Compel that the
Trust prepared by attorney Albert-Fritz provided that "the powers and
authorities and compensation to be paid to a Successor Trustee can only
be amended with permission of the Successor Trustee."  The Kramers
believed this provision showed undue influence by Koeller because he was
the Successor Trustee.  The Kramers noted that attorney Albert-Fritz said
the provision in question was a standard provision she put in all her
revocable trust documents.  The Kramers served the document request on
Koeller to see Documents to test the credibility of her claim that she
included the clause in other trust documents.  Motion to Compel, attached
Letter dated March 25, 2021.

The Court reviewed the Trust and determined that the relevant
provision, Article II, required the Decedent, as Settlor, to secure Trustee's
approval to amend the Trustee's power, authorities, and compensation.
The Decedent was the Trustee until the day before her death.  Since the
Decedent was Trustee for virtually all her life, the Trust did not limit the
Decedent's power to amend the Trust because she was both Settlor and

Trustee.  The Court determined that The Documents would not tend to prove an issue in the case. The Court concluded that the document request was not proportionate to the needs of the case and denied the motion to Compel.  Opinion, at 7-10 (citing Fed. R. Civ. P. 26(b)).  The Court sees no manifest error of law or fact.

The Kramers now argue that the language in Article II created the possibility that if the Decedent stepped down as Trustee during her life, and Koeller became Successor Trustee, then the Decedent could not amend Koeller's power, authority, or compensation as Successor Trustee under the Trust without his approval.  The Kramers argue that the creation of this possibility in the Trust document language shows undue influence.

The primary problem with this argument is that it is counterfactual. The Decedent did not step down as Trustee until death or the day before death, and so, never gave up the power to amend the Trustee's power, authority, or compensation.

Furthermore, even if the Decedent had chosen to step down as Trustee, she would have still retained power over Koeller as Successor Trustee because she would have still retained the power to revoke the Trust if she did not like what Koeller was doing as Successor Trustee. The Court, therefore, sees no manifest error in fact or law in the Court's

conclusion that the Kramer's request for The Documents prepared for non-parties was not proportional to the needs of the case.

THEREFORE, IT IS ORDERED that the Motion to Reconsider (d/e 73) is DENIED.

ENTER:   July 23, 2021

s/ *Tom Schanzle-Haskins*

TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE